PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Chrysler PT Cruiser struck two holes when she was driving on U.S. Route 60 in South Charleston, Kanawha County. U.S. Route 60 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. on March 31,2008. At the time of the incident, claimant was returning to work at Columbia Gas from TJ Maxx. Although claimant did not recall her speed, she stated that she was traveling slowly due to the traffic. Claimant was driving eastbound on U.S. Route 60 in her right lane when her vehicle struck two holes in the road. She was unable to maneuver her vehicle into the left lane because there was a vehicle in that lane of traffic. Claimant testified that she did not have knowledge of the holes before her vehicle struck them. As a result of this incident, claimant’s vehicle sustained damage to two rims in the amount of $604.20 and a tire in the amount of $ 111.01. In addition, claimant incurred expenses in renting a car while her vehicle was being repaired in the amount of $78.30. Thus, claimant’s damages total $793.51, and her insurance deductible at the time of the incident was $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 60. Randy Hammond, Crew Supervisor for respondent in Kanawha County at the time of this incident, testified that he is familiar with the area where claimant’s vehicle was damaged. Mr. Hammond stated that U.S. Route 60 is a first priority road in terms of its maintenance. Mr. Hammond testified that cold patch was used at this particular location. Cold patch is a temporary patching material used in the winter. He explained that holes such as these form when they are subjected to wet conditions. Mr. Hammond stated that he was not familiar with this problem prior to March 31, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size of the holes and their location on U.S. Route 60, a first priority road, lead the Court to conclude that respondent had notice of this condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $793.51.
Award of $793.51.